# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TAMIKA R. LAWRENCE,  :

    Plaintiff,  :  Case No. 3:09cv00073

vs.  :  District Judge Thomas M. Rose
    Magistrate Judge Sharon L. Ovington

DOUGLAS W. JONES, JR.,  :

    Defendant.  :

# REPORT AND RECOMMENDATIONS[1]

## I.   INTRODUCTION

Plaintiff Tamika R. Lawrence brings this case pro se under 28 U.S.C. §1343(3) and 42 U.S.C. §1983 claiming that her former husband, Defendant Douglas W. Jones, Jr., breached a contractual agreement they entered during their marriage.

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915. This case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief. If the Complaint suffers from one or more of these deficiencies, it must be dismissed. *See* 28 U.S.C. §1915(e)(2)(B).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

## II. FACTUAL BACKGROUND

Plaintiff alleges in her Complaint that she co-signed a loan for the purchase of a 2004 Ford Explorer for Defendant. Plaintiff further alleges that both before and during their marriage, both she and her husband entered into a written and verbal agreement, which required Defendant to make all payments relating to this loan. (Doc. #2 at 3). Plaintiff has attached to the Complaint a written agreement setting forth these terms, apparently signed by both Plaintiff and Defendant. *See id*. at 4.

Plaintiff filed for divorce in January of 2008. Defendant stopped making payments on the loan for the Ford Explorer in May 2008. (Doc. #2 at 3). Plaintiff learned this when she was contacted by Citi Financial Auto, the lender under the parties' agreement. (Doc. #2 at 3, 4). Plaintiff also learned that Defendant had purchased a new vehicle and refused to make the required payments to Citi Financial Auto. *Id*.

Plaintiff explains that the parties' divorce was finalized on in January 2009. Plaintiff has attached to the Complaint a copy of the parties' Final Decree of Divorce, which includes a provision allowing Defendant to "retain the ... 2004 Ford Explorer titled in his name, free and clear of any claim to the Plaintiff..." (Doc. #2 at 6). The Final Decree of Divorce further states that Defendant "shall be responsible for any money owed on said vehicle[ ] and will hold his wife harmless." *Id*.

Plaintiff alleges that "Judge Judith King stated she cannot stop lender from pursuing me, but if I pay anything towards balance I can sue Douglas Jones for Reimbursement." (Doc. #1 at 3). Plaintiff's Complaint seeks to do just that. She seeks an Order requiring Defendant to reimburse her for payments she has made since February 2009; requiring Defendant to reimburse her for the life of the loan; and/or entering a Judgment against Defendant requiring him to pay the lender. *Id*. at 6

## III. STANDARDS OF REVIEW

By enacting the original *in forma pauperis* statute, Congress recognizes that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams*, 490 U.S. 319. 324 (1989)). To prevent such abusive litigation, Congress authorized the federal courts to *sua sponte* dismiss an *in forma pauperis* Complaint if the Complaint is frivolous or malicious. *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §191(e)(2)(B), the Court resolves whether it raises a claim with a rational or arguable basis in fact or law. *See Neitzke*, 490 U.S. at 328-29. If it does not, it is frivolous or malicious and subject to dismissal. *See id.; see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible." *See Denton*, 504 U.S. at 32; *see also Lawler*, 898 F. 2d at 1199.

Congress has also authorized the dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §1915(2)(B)(ii). A *pro se* Complaint fails to state a claim upon which relief can be granted if - accepting the factual allegations as true and liberally construing them in the plaintiff's favor - it appears '"beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Herron v. Harrison*, 203 F. 3d 410, 414 (6th Cir. 2000)(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Miller v. Currie*, 50 F 3d 373, 377 (6th Cir. 1995).

## IV.　ANALYSIS

To the extent Plaintiff seeks to invoke the Court's federal question jurisdiction by raising a federal claim under 42 U.S.C. § 1983, her allegations are insufficient to establish an actionable claim. In order to state a §1983 claim, Plaintiff must allege facts showing

3

that the persons engaging in the alleged conduct acted under color of state law and that the alleged conduct deprived her of some right secured by the Constitution or laws of the United States. *Markva v. Haveman*, 317 F. 3d 547, 552 (6th Cir. 2003).

Accepting the allegations in Plaintiff's Complaint as true and construing them liberally in her favor, there is no fact or circumstance indicating that Defendant – Plaintiff's ex-husband – acted under color of state law for purposes of §1983 liability. It instead appears that Defendant he is a private individual who acted in his own individual capacity. Because of this, Plaintiff's claim under 42 U.S.C. §1983 lacks an essential element and fails as a matter of law. *Waters v. City of Morristown, Tenn.*, 242 F. 3d 353, 359 (6th Cir. 2001).

In addition, there appears no other fact or circumstances in the Complaint that would give rise to the Court's jurisdiction over the state law contract dispute existing between the parties.

Accordingly, Plaintiff's Complaint must be dismissed under 28 U.S.C. §1915(e)(2)(B). To the extent Plaintiff seeks to raise a state law breach of contract claim, her Complaint should be dismissed without prejudice to renewal in state court.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff Complaint be DISMISSED;

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. If so certified, Plaintiff, a non-prisoner, would remain free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999); and

3. The case be terminated on the docket of this Court

March 6, 2009    s/ Sharon L. Ovington
    Sharon L. Ovington
    United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).